UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 1:21-CR-017 |
| | : | |
| v. | : | (JUDGE WILSON) |
| | : | |
| **KENELM L. SHIRK, III,** | : | (electronically filed) |
| Defendant | : | |

### PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant.  Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea.  The defendant agrees to plead guilty to Count 1 of

   the Indictment, which charges the defendant with a violation of

   Title 18, United States Code, § 115(a)(1), Threatening to Murder

   a United States Official.  The maximum penalty for that offense

   is imprisonment for a period of 10 years, a fine of $250,000, a

   maximum term of supervised release of 3 years, which shall be

   served at the conclusion of, and in addition to, any term of

imprisonment, as well as the costs of prosecution,

imprisonment, probation, or supervised release ordered, denial

of certain federal benefits, and an assessment in the amount of

$100. At the time the guilty plea is entered, the defendant shall

admit to the Court that the defendant is, in fact, guilty of the

offense charged in that count. The defendant agrees, however,

that the United States may, at its sole election, reinstate any

dismissed charges, or seek additional charges, in the event that

any guilty plea entered or sentence imposed pursuant to this

Agreement is subsequently vacated, set aside, or invalidated by

any court. The defendant further agrees to waive any defenses

to reinstatement of any charges, or to the filing of additional

charges, based upon laches, the assertion of speedy trial rights,

any applicable statute of limitations, or any other ground. The

calculation of time under the Speedy Trial Act for when trial

must commence is tolled as of the date of the defendant's

signing of this Agreement, until either (a) the defendant pleads

2

guilty; or (b) a new date is set by the Court for commencement of trial.

2.  Venue Waiver.  The defendant agrees to knowingly waive the right to challenge venue over the charged offense in the United States District Court for the Middle District of Pennsylvania.

3.  Term of Supervised Release.  The defendant also understands that the Court may impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute.  The Court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4.  No Further Prosecution, Except Tax Charges.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's

3

involvement in the offense(s) described above.  However,

nothing in this Agreement will limit prosecution for criminal tax

charges, if any, arising out of those offenses.

B.  **Fines and Assessments**

5.  Fine.  The defendant understands that the Court may impose a

fine pursuant to the Sentencing Reform Act of 1984.  The willful

failure to pay any fine imposed by the Court, in full, may be

considered a breach of this Plea Agreement.  Further, the

defendant acknowledges that willful failure to pay the fine may

subject the defendant to additional criminal violations and civil

penalties pursuant to Title 18, United States Code, § 3611, et

seq.

6.  Alternative Fine.  The defendant understands that under the

alternative fine section of Title 18, United States Code, § 3571,

the maximum fine quoted above may be increased if the Court

finds that any person derived pecuniary gain or suffered

pecuniary loss from the offense and that the maximum fine to

be imposed, if the Court elects to proceed in this fashion, could

4

be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7. <u>Inmate Financial Responsibility Program</u>.  If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

8. <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle

5

District of Pennsylvania. If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

9. <u>Collection of Financial Obligations</u>. In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

   a. to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

   b. to submit to interviews by the Government regarding the defendant's financial status;

   c. to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

6

    d.   whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

    e.   to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court; and

    f.   to submit any financial information requested by the Probation Office as directed, and to the sharing of financial information between the Government and the Probation Office.

## C.  Sentencing Guidelines Calculation

10. <u>Determination of Sentencing Guidelines.</u>  The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments (the "Sentencing Guidelines"), will apply to the offense or offenses to which the defendant is pleading guilty.

The defendant understands that the Sentencing Guidelines are advisory and not binding on the Court. The defendant further agrees that any legal and factual issues relating to the application of the Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, a pre-sentence hearing, or a sentencing hearing.

11. <u>Acceptance of Responsibility– Two/Three Levels</u>. If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The

8

failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

## D. **Sentencing Recommendation**

12. Specific Recommendation of Sentence. At the time of sentencing, the United States will make a specific recommendation within the applicable Sentencing Guidelines range and reserves the right to recommend the maximum sentence within that range.

13. Special Conditions of Probation/Supervised Release. If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

    a.  The defendant be prohibited from possessing a firearm or other dangerous weapon.

    b.  The defendant will agree to have no contact with Marsha Chamberlain without prior approval from the Probation Officer or any assigned probation officer.

9

c.  The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the Court.

d.  The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

e.  The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

f.  The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

g.  The defendant be confined in a community treatment center, halfway house, or similar facility.

h.  The defendant be placed under home confinement.

i.  The defendant be ordered to perform community service.

j. The defendant be restricted from working in certain types of occupations or with certain individuals if the Government deems such restrictions to be appropriate.

k. The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

l. The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

m. The defendant be denied certain federal benefits including contracts, grants, loans, fellowships, and licenses.

n. The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

E. **Forfeiture of Assets**

14. Forfeiture of Interests/Passage of Clear Title/Destruction Order. By this Agreement, the defendant agrees to forfeit all interests in the assets set forth above and to take whatever steps are

11

necessary to pass clear title of those assets to the United States.
These steps include but are not limited to surrender of title;
signing of a consent decree; stipulating to facts regarding the
transfer and basis for the forfeitures; and concurrence in any
motion and signing any document necessary to effectuate such
transfers.  The defendant waives notice of forfeiture proceedings
pursuant to Fed.R.C.P. Rule 32.2 for the firearms described
herein.

15.  <u>Destruction Order/Waivers.</u>  The defendant further agrees,
should the United States deem it appropriate to the destruction
of the items seized during the course of the investigation.  The
defendant agrees that the items may be destroyed by the
investigative agency with or without a court order authorizing
the destruction of the items seized.  If the United States
determines that a destruction order should be obtained, the
defendant and defendant's counsel hereby concur in a motion for
such an order.  The defendant further agrees to waive all
interest in the assets in any administrative or judicial forfeiture

12

proceeding, whether criminal or civil, state, or federal.  The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a).  Any related administrative claim filed by the defendant is hereby withdrawn.  The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

16. <u>Forfeiture of Firearms Possessed in Connection With the Offense</u>.  The United States and the defendant hereby agree that the

- RUGER AR 556 S/N: 852-25429

- SMITH & WESSON Bodyguard 380 pistol S/N KAC2864

- SMITH & WESSON AIR WEIGHT 442 38 SPECIAL HANDGUN S/N BRE7469

13

which are firearms as defined in 18 U.S.C., § 921, seized during the investigation and currently in the custody and control of the Pennsylvania State Police, were properly seized and were possessed, involved in or used in a violation of 18 U.S.C. § 115, to which the defendant will plead guilty. The defendant agrees that the firearms are subject to forfeiture to the United States by stipulation. The defendant hereby relinquishes to the United States any claim, title and interest the defendant has in said firearms. The defendant agrees to withdraw any claim made in any civil, administrative or judicial forfeiture brought against said firearms, and further agrees not to oppose any civil, administrative or judicial forfeiture of said firearms.

## F. Information Provided to Court and Probation Office

17. Background Information for Probation Office. The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's

14

background, character, cooperation, if any, and involvement in this or other offenses.

18. <u>Objections to Pre-Sentence Report</u>. The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania's "Policy for Guideline Sentencing," both the United States and defendant must communicate to the Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, applicable Sentencing Guidelines ranges, and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, a pre-sentence hearing, or at the sentencing hearing,

15

where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

19. Relevant Sentencing Information. At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

16

20. <u>Non-Limitation on Government's Response</u>.  Nothing in this
Agreement shall restrict or limit the nature or content of the
United States' motions or responses to any motions filed on
behalf of the defendant.  Nor does this Agreement in any way
restrict the Government in responding to any request by the
Court for briefing, argument or presentation of evidence
regarding the application of Sentencing Guidelines to the
defendant's conduct, including but not limited to, requests for
information concerning possible sentencing departures.

## G.  **Court Not Bound by Plea Agreement**

21. <u>Court Not Bound by Terms</u>.  The defendant understands that
the Court is not a party to and is not bound by this Agreement,
or by any recommendations made by the parties.  Thus, the
Court is free to impose upon the defendant any sentence up to
and including the maximum sentence of imprisonment for 10
years, a fine of $250,000, a maximum term of supervised release
of up to 3 years, which shall be served at the conclusion of and
in addition to any term of imprisonment, the costs of

17

prosecution, denial of certain federal benefits, and assessments

totaling $100.

22. No Withdrawal of Plea Based on Sentence or Recommendations.

If the Court imposes a sentence with which the defendant is

dissatisfied, the defendant will not be permitted to withdraw

any guilty plea for that reason alone, nor will the defendant be

permitted to withdraw any guilty plea should the Court decline

to follow any recommendations by any of the parties to this

Agreement.

## H. Breach of Plea Agreement by Defendant

23. Breach of Agreement.  In the event the United States believes

the defendant has failed to fulfill any obligation under this

Agreement, then the United States shall, in its discretion, have

the option of petitioning the Court to be relieved of its

obligations under this Agreement.  Whether the defendant has

completely fulfilled all of the obligations under this Agreement

shall be determined by the Court in an appropriate proceeding,

during which any disclosures and documents provided by the

18

defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

24. <u>Remedies for Breach</u>. The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

    a.  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

    b.  The United States will be free to make any recommendations to the Court regarding sentencing in this case;

    c.  Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

19

    d.   The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, statute of limitations, assertion of Speedy Trial rights, or other similar grounds.

25.  <u>Violation of Law While Plea or Sentence Pending</u>. The defendant understands that it is a condition of this Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing. The defendant acknowledges and agrees that if the Government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the Government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or

sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

I.  **Licensing, Resignation, and Disbarment**

26. <u>Status of Professional License</u>. It is further understood and agreed that the status of any professional license held by the defendant is not protected by this Agreement and is a matter solely within the discretion of the appropriate licensing authority. The United States may in its discretion provide to any such licensing authority any documents and information in its possession.

21

J.  **Appeal Waiver**

27.  Appeal Waiver – Direct.  The defendant is aware that Title 28,

United States Code, § 1291 affords a defendant the right to

appeal a judgment of conviction and sentence; and that Title 18,

United States Code, § 3742(a) affords a defendant the right to

appeal the sentence imposed.  Acknowledging all of this, the

defendant knowingly waives the right to appeal the conviction

and sentence.  This waiver includes any and all possible

grounds for appeal, whether constitutional or non-

constitutional, including, but not limited to, the manner in

which that sentence was determined in light of *United States v.*

*Booker*, 543 U.S. 220 (2005).  The defendant further

acknowledges that this appeal waiver is binding only upon the

defendant and that the United States retains its right to appeal

in this case.

28.  Collateral Appeal Waiver.  The defendant acknowledges,

understands and agrees that, by pleading guilty pursuant to

this Agreement, the defendant voluntarily and knowingly

22

waives the right to collaterally attack the defendant's
conviction, sentence, or any other matter relating to this
prosecution, including but not limited to a motion to vacate
judgment under Title 28, United States Code, Section 2255; a
petition for a writ of habeas corpus under Title 28, United
States Code, Section 2241; or any other motion or writ seeking
collateral relief.  However, no provision of this agreement shall
preclude the defendant from pursuing in an appropriate forum
any appeal, collateral attack, writ, or motion claiming that the
defendant received constitutionally ineffective assistance of
counsel.  In the event the defendant raises a claim of ineffective
assistance of counsel, the defendant hereby agrees (a) that the
Government retains its right to oppose any such claim on
procedural or substantive grounds; and (b) that counsel for the
United States may confer with any of the defendant's prior
counsel whose performance is attacked in such a claim, for
purposes of preparing any response or for any hearing
necessitated by the filing of such a claim.

23

29. <u>Appeal Waiver Breach.</u>  The defendant acknowledges that
    pursuing a direct appeal or any collateral attack waived in the
    preceding paragraph(s) may constitute a breach of this
    Agreement. The Government agrees that the mere filing of a
    notice of appeal is not a breach of the Agreement. The
    Government may declare a breach only after the defendant or
    the defendant's counsel thereafter states, either orally or in
    writing, a determination to proceed with an appeal or collateral
    attack raising an issue the Government deems barred by the
    waiver.  The parties acknowledge that the pursuit of an appeal
    or any collateral attack constitutes a breach only if a court
    determines that the appeal or collateral attack does not present
    an issue that a judge may reasonably conclude is permitted by
    an exception to the waiver stated in the preceding paragraph(s)
    or constitutes a "miscarriage of justice" as that term is defined
    in applicable law.

K. **Other Provisions**

24

30. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is
    entering this Agreement with the defendant because this
    disposition of the matter fairly and adequately addresses the
    gravity of the offense(s) from which the charge(s) is/are drawn,
    as well as the defendant's role in such offense(s), thereby
    serving the ends of justice.

31. <u>Defendant is Satisfied with Assistance of Counsel</u>. The
    Defendant agrees that the defendant has discussed this case
    and this Agreement in detail with the defendant's attorney, who
    has advised the defendant of the defendant's Constitutional and
    other trial and appellate rights, the nature of the charges, the
    elements of the offenses the United States would have to prove
    at trial, the evidence the United States would present at such
    trial, possible defenses, the advisory Sentencing Guidelines and
    other aspects of sentencing, potential losses of civil rights and
    privileges, and other potential consequences of pleading guilty
    in this case. The defendant agrees that the defendant is

satisfied with the legal services and advice provided to the
defendant by the defendant's attorney.

32. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this
Agreement must be signed by the defendant and defense
counsel and received by the United States Attorney's Office on
or before 5:00 p.m., **March 4, 2022**, otherwise the offer may, in
the sole discretion of the Government, be deemed withdrawn.

33. <u>Required Signatures</u>.  None of the terms of this Agreement shall
be binding on the Office of the United States Attorney for the
Middle District of Pennsylvania until signed by the defendant
and defense counsel and then signed by the United States
Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

3/8/22
Date

KENELM L. SHIRK III
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

3/3/22
Date

JOHN A. ABOM, ESQUIRE
Counsel for Defendant

JOHN C. GURGANUS
United States Attorney

03/03/2022
Date

By: _____
JAIME M. KEATING
Assistant United States Attorney

JMK/jmk/2021R00038/23-Feb-22
VERSION DATE:  March 8, 2021

27